The Honorable John C. Coughenour

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| NORTH AMERICAN DERIVATIVES EXCHANGE INC., d/b/a OG,<br>Plaintiff,<br>v.<br>NICHOLAS W. BROWN, *et al.*,<br>Defendants. | NO. 2:26-cv-02579-JCC<br><br>**JOINT STATUS REPORT AND STIPULATED MOTION WITH [~~PROPOSED~~] ORDER** |

Plaintiff North American Derivatives Exchange, Inc., d/b/a OG ("OG") and Defendants Tina Griffin, Alicia Levy, Sarah Lawson, Noah Skartvedt, Michael Charles, and Nicholas W. Brown (collectively, "Defendants," and together with OG, the "Parties"), through their undersigned counsel, respectfully submit this Joint Status Report and Stipulated Motion, pursuant to the Court's Order (the "Order") (Dkt. 20) granting the Parties' August 18, 2026 Stipulated Motion (the "August Stipulation") (Dkt. 10). The Parties have conferred and respectfully request the Court extend the terms of the August Stipulation for two additional weeks (*i.e.*, until December 8, 2026) and issue the proposed order attached hereto to allow the Parties an opportunity to confer further concerning to the impact of the Ninth Circuit Decision[1]

[1] As used in the August Stipulation, the "Ninth Circuit Decision" refers to a decision in the "Ninth Circuit



ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

and whether agreement may be reached about the status of this action. In support of their request, the Parties represent as follows:

**WHEREAS**, on July 22, 2026, OG filed this action against Defendants concerning Defendants' potential enforcement of Washington state law concerning OG's role in the trading of event contracts on Federally regulated Designated Contract Markets ("DCMs") (Dkt. 1);

**WHEREAS**, OG has alleged that all state laws are preempted as they relate to trading of event contracts on DCMs as a result of the Commodity Exchange Act ("CEA");

**WHEREAS**, on August 18, 2026, the Parties entered into the August Stipulation, wherein Defendants agreed not to "pursue civil or criminal enforcement actions against OG for alleged violations of Washington's Consumer Protection Act, RCW § 19.86; Gambling Act, RCW § 9.46; and Recovery of Money Lost at Gambling Act, RCW § 4.24.070 , or any other Washington state law with respect to OG's role in transactions involving event contracts traded on a DCM until further Order of this Court is issued following a decision by the Ninth Circuit resolving one or more of the Ninth Circuit Appeals . . . and the occurrence of the first of the following events . . . (i) The deadline to seek *en banc* review of the Ninth Circuit's decision expires without such further review being sought; (ii) The request for such further review is denied; or (iii) The issuance of an *en banc* decision from the Ninth Circuit ." (Dkt. 10);

**WHEREAS**, the Parties also requested in the August Stipulation that the Court issue an order administratively staying this action pending the same conditions, as set forth above (Dkt. 10);

**WHEREAS**, on May 21, 2026, the Court issued an Order granting the August Stipulation (Dkt. 20);

---

Appeals," which term is now defined as *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831, 2026 WL 2546925 (9th Cir. Aug. 28, 2026); *KalshiEX, LLC v. Assad*, 190 F.4th 1098 (9th Cir. 2026); and *N. Am. Derivatives Exch., Inc. v. Nevada ex rel. Nevada Gaming Control Bd.*, No. 25-7187, 2026 WL 2546926 (9th Cir. Aug. 28, 2026).



ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

**WHEREAS**, on August 8, 2026, the Ninth Circuit affirmed the order of the United States District Court for the District of Nevada denying OG's motion for preliminary injunctive relief, *N. Am. Derivatives Exch., Inc. v. Nevada ex rel. Nevada Gaming Control Bd.*, No. 25-7187, 2026 WL 2546926 (9th Cir. Aug. 28, 2026), and affirmed the order of the United States District Court for the District of Nevada dissolving the preliminary injunction previously granted in favor of KalshiEX LLC as to sports-related event contracts, *KalshiEX, LLC v. Assad*, 190 F.4th 1098, 1123 (9th Cir. 2026).

**WHEREAS**, on September 9, 2026, KalshiEX LLC filed a petition for rehearing and rehearing *en banc*, *see* Pet. for Reh'g & Reh'g *En Banc*, *KalshiEX, LLC v. Assad*, No. 25-7516 (9th Cir. Sept. 9, 2026);

**WHEREAS**, on November 4, 2026, the Ninth Circuit denied KalshiEX LLC's petition for rehearing and rehearing *en banc*, *see* Order Denying Pet. for Reh'g & Reh'g *En Banc*, *KalshiEX, LLC v. Assad*, No. 25-7516 (9th Cir. Nov. 4, 2026);

**WHEREAS**, that November 4, 2026 Order met the conditions in the August Stipulation, as set forth above;

**WHEREAS**, pursuant to the terms of the August Stipulation, the Parties were required by November 14, 2026 to "meet and confer regarding whether agreement may be reached about the status of this action" (Dkt. 20);

**WHEREAS**, the Parties conferred on November 9, 2026, about the status of this action;

**WHEREAS**, pursuant to the terms of the August Stipulation, the Parties are required by November 24, 2026, to "submit a status report informing the Court of their respective opinions regarding the impact of the Ninth Circuit Decision and [the denial of the petition for rehearing] on the status of this action" "[a]bsent agreement to a different course of action following the Parties' conference" (Dkt. 20);

**WHEREAS**, the Parties continue to confer about the status of this action; and



ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

**WHEREAS**, the Parties agree good cause exists to grant their requested relief to prevent unnecessary expenditure of judicial resources while the Parties continue to confer about the status of this action;

1. The Parties therefore stipulate and agree (subject to the Court's approval) that the terms set forth in the August Stipulation are hereby extended until Tuesday, December 8, 2026, as though fully set forth therein (including but not limited to the administrative stay of this action and Defendants' agreement not to pursue civil or criminal enforcement actions against OG), upon which date the Parties shall file a joint status report informing the Court of their respective opinions as to the impact of the Ninth Circuit's decision on status of this action.



ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

DATED this 24th day of November, 2026.

BALLARD SPAHR LLP

*s/John Devlin*
John Devlin
1301 2nd Ave. Ste. 2800
Seattle, WA 98101
206-223-7000
devlinj@ballardspahr.com

SKADDEN, ARPS, SLATE, MEAGHER & FLOM

David Meister
Judith Flumenbaum
Shay Dvoretzky
Robert A. Fumerton
Parker Rider-Longmaid
One Manhattan West
New York, NY 10001
212-735-3000
david.meister@skadden.com
judy.flumenbaum@skadden.com
shay.dvoretzky@skadden.com
robert.fumerton@skadden.com
parker.rider-longmaid@skadden.com

*Attorneys for North American Derivatives Exchange Inc., d/b/a OG*

NICHOLAS W. BROWN
Attorney General

*s/Andrea Alegrett*
ANDREA ALEGRETT, WSBA No. 50236
JULIA K. DOYLE, WSBA No. 43993
BEN BRYSACZ, WSBA No. 54683
MATT GEYMAN, WSBA No. 17544
SEANN COLGAN, WSBA No. 38769
TERRENCE MANGAN, WSBA No. 65269
CLAIRE MCNAMARA, WSBA No. 50097
Assistant Attorneys General
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
andrea.alegrett@atg.wa.gov
julie.doyle@atg.wa.gov
ben.brysacz@atg.wa.gov
matt.geyman@atg.wa.gov
seann.colgan@atg.wa.gov
tk.mangan@atg.wa.gov
claire.mcnamara@atg.wa.gov

*Attorneys for Defendant Nicholas W. Brown, in his official capacity as Attorney General for the State of Washington*

*s/Suzanne Becker*
SUZANNE BECKER, WSBA #40546
MATTHEW KERNUTT, WSBA #35702
Assistant Attorneys General
PO Box 40100
Olympia, WA 98504-0100
suzanne.becker@atg.wa.gov
matthew.kernutt@atg.wa.gov

*Attorneys for Defendants Tina Griffin, Alicia Levy, Sarah Lawson, Noah Skartvedt, and Michael Charles in their official capacities with the Washington State Gambling Commission*

## ORDER

IT IS SO ORDERED.

DATED this 25th day of November 2026.

Judge John C. Coughenour
United States District Judge



ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744